IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| Paula Casillas, individually and on behalf of all others similarly situated, | ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | No.   1:16-cv-1774 |
| Madison Avenue Associates, Inc., an Indiana corporation, | ) ) ) ) ) | |
| Defendant. | ) | Jury Demanded |

**COMPLAINT – CLASS ACTION**

Plaintiff, Paula Casillas, individually and on behalf of all others similarly situated, brings this action under the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, et seq. ("FDCPA"), for a finding that Defendant's form debt collection letter violated the FDCPA, and to recover damages, and alleges:

**JURISDICTION AND VENUE**

1.   This Court has jurisdiction pursuant to § 1692k(d) of the FDCPA, and 28 U.S.C. § 1331.

2.   Venue is proper in this District because: a) the acts and transactions occurred here; and, b) Plaintiff and Defendant reside here.

**PARTIES**

3.   Plaintiff, Paula Casillas ("Casillas"), is a citizen of the State of Indiana, residing in the Southern District of Indiana, from whom Defendant attempted to collect a delinquent consumer debt, which she allegedly owed for a Harvester Financial Credit Union debt.

4.      Defendant, Madison Avenue Associates, Inc. ("Madison"), is an Indiana corporation that acts as a debt collector, as defined by § 1692a of the FDCPA, because it regularly uses the mails and/or the telephone to collect, or attempt to collect, delinquent consumer debts.  Defendant Madison operates a debt collection business and attempts to collect debts from consumers in the State of Indiana.  In fact, Defendant Madison was acting as a debt collector as to the delinquent consumer debt it attempted to collect from Plaintiff.

5.      Defendant Madison is authorized to conduct business in Indiana, and maintains a registered agent here, see, record from the Indiana Secretary of State, attached as Exhibit A.  In fact, Defendant Madison conducts business in Indiana.

6.      Defendant Madison is licensed as a debt collection agency in the State of Indiana, see, record from the Indiana Secretary of State, Securities Division, attached as Exhibit B.  In fact, Defendant Madison acts as a collection agency in Indiana.

## FACTUAL ALLEGATIONS

7.      Defendant Madison sent Ms. Casillas an initial form collection letter, dated May 5, 2016, demanding payment of a delinquent consumer debt allegedly owed to a credit union.  This letter stated, in pertinent part:

* * *

> <u>Federal law gives you thirty days after you receive this letter to dispute the validity of the debt or any part of it.  Unless you notify this office within 30 days after receiving this notice that you dispute the validity of the debt or any portion thereof, this office will assume this debt is valid.  If you do dispute the debt, or any part of it by notifying this office within 30 days from receiving this notice, this office will obtain verification of the debt and mail you a copy of such verification.  If you request this office within 30 days after receiving this notice this office will provide you with the name and address of the original creditor, if different from the current creditor.  The law does not require us to wait until the end of the 30 day period</u>

> before attempting to collect this debt.  If, however, you request proof of the debt or the name and address of the original creditor within the thirty day period that begins with your receipt of this letter, the law requires us to suspend our efforts to collect the debt until we mail the requested information to you.

* * *

Nowhere in Defendant's letter did they advise Ms. Casillas that disputes had to be in writing, to be effective, and so that she could require Defendant Madison to provide validation of the debt.  Also, Defendant Madison's letter did not advise Ms. Casillas that, to be effective, any request for the name of the original creditor had to be in writing.  A copy of this letter is attached as Exhibit C.

8. Defendant's failure to provide the above informational disclosures, which are mandated by Congress in the FDCPA, constitutes a material/concrete breach of her rights under the FDCPA. See, Janetos v. Fulton Friedman & Gullace, 2016 U.S. App. LEXIS 6361 at [*7]-[*11] (7th Cir. 2016).

9. Defendant's collection actions complained of herein occurred within one year of the date of this Complaint.

10. Defendant's collection communications are to be interpreted under the "unsophisticated consumer" standard.  See, Gammon v. GC Services, Ltd. Partnership, 27 F.3d 1254, 1257 (7th Cir. 1994).

**COUNT I**
**Violation Of § 1692g**
**Ineffective Validation Notice**

11. Plaintiff adopts and realleges ¶¶ 1-10.

12. Section 1692g of the FDCPA requires that, within 5 days of Defendant's first communication to a consumer, they had to provide the consumer with an effective

validation notice, containing, among other disclosures, "(4) a statement that if the consumer notifies the debt collector in writing within the thirty-day period that the debt, or any portion thereof, is disputed, the debt collector will obtain verification of the debt" see, 15 U.S.C. § 1692g(a)(4); "(5) a statement that, upon the consumer's written request within the thirty-day period, the debt collector will provide the consumer with the name and address of the original creditor if different from the current creditor" see, 15 U.S.C. § 1692g(a)(5).

13. Nowhere in Defendant Madison's May 5, 2016 initial collection letter to Plaintiff (Exhibit C) does it state that Plaintiff's dispute to Defendant Madison had to be in writing to protect her right to obtain validation of the debt. Thus, Defendant Madison has violated § 1692g(a)(4) of the FDCPA, see, McCabe v. Crawford & Co., 272 F. Supp. 2d 736, at 742-743 (N.D. Ill. 2003); Matmanivong V. NCC, 2015 U.S. Dist. LEXIS 15054, at *[26]-[27](N.D. Ill, Feb. 9, 2015). Additionally, nowhere in Defendant Madison's May 5, 2016 initial collection letter to Plaintiff (Exhibit C) does it state that Plaintiff's request for the name and address of the original creditor had to be in writing for it to be effective. Thus, Defendant has further violated § 1692g(a)(5) of the FDCPA.

14. Defendant Madison's violation of § 1692g of the FDCPA renders it liable for statutory damages, costs, and reasonable attorneys' fees. See, 15 U.S.C. § 1692k.

## COUNT II
## Violation Of § 1692f Of The FDCPA --
## Unfair Or Unconscionable Collection Actions

15. Plaintiff adopts and realleges ¶¶ 1-10.

16. Section 1692f of the FDCPA prohibits a debt collector from using any unfair or unconscionable means to collect or attempt to collect a debt, see, 15 U.S.C. §

1692f.

17. Defendant Madison, by failing to advise Plaintiff that her dispute must be in writing for it to be effective and by failing to advise Plaintiff that to obtain the name of the original creditor, it must be in writing for it to be effective, used unfair or unconscionable means to collect a debt, in violation of § 1692f of the FDCPA.

18. Defendant Madison's violation of § 1692f of the FDCPA renders it liable for actual and statutory damages, costs, and reasonable attorneys' fees. See, 15 U.S.C. § 1692k.

## CLASS ALLEGATIONS

19. Plaintiff, Paula Casillas, brings this action individually and as a class action on behalf of all persons similarly situated in the State of Indiana from whom Defendant Madison attempted to collect a delinquent consumer debt allegedly owed to credit union, via the same form collection letter (Exhibit C), that Defendant sent to Plaintiff, from one year before the date of this Complaint to the present.  This action seeks a finding that Defendant Madison's form letter violates the FDCPA, and asks that the Court award damages as authorized by § 1692k(a)(2) of the FDCPA.

20. Defendant Madison regularly engages in debt collection, using the same form collection letter they sent Plaintiff Casillas, in its attempts to collect delinquent consumer debts from other persons.

21. The Class consists of more than 35 persons from whom Defendant Madison attempted to collect delinquent consumer debts, by sending other consumers the same form collection letter they sent Plaintiff Casillas.

22. Plaintiff Casillas' claims are typical of the claims of the Class.  Common

questions of law or fact raised by this class action complaint affect all members of the Class and predominate over any individual issues.  Common relief is therefore sought on behalf of all members of the Class.  This class action is superior to other available methods for the fair and efficient adjudication of this controversy.

23.  The prosecution of separate actions by individual members of the Class would create a risk of inconsistent or varying adjudications with respect to the individual members of the Class, and a risk that any adjudications with respect to individual members of the Class would, as a practical matter, either be dispositive of the interests of other members of the Class not party to the adjudication, or substantially impair or impede their ability to protect their interests.  Defendant Madison has acted in a manner applicable to the Class as a whole such that declaratory relief is warranted.

24.  Plaintiff Casillas will fairly and adequately protect and represent the interests of the Class.  The management of the class action proposed is not extraordinarily difficult, and the factual and legal issues raised by this class action complaint will not require extended contact with the members of the Class, because Defendant Madison's conduct was perpetrated on all members of the Class and will be established by common proof.  Moreover, Plaintiff Casillas has retained counsel experienced in class action litigation, including class actions brought under the FDCPA.

## PRAYER FOR RELIEF

Plaintiff, Paula Casillas, individually and on behalf of all others similarly situated, prays that this Court:

1.  Certify this action as a class action;

2.  Appoint Plaintiff Casillas as Class Representative of the Class, and her

attorneys as Class Counsel;

    3.    Find that Defendant Madison's form collection letter violated the FDCPA;

    4.    Enter judgment in favor of Plaintiff Casillas and the Class, and against Defendant Madison, for statutory damages, costs, and reasonable attorneys' fees as provided by § 1692k(a) of the FDCPA; and,

    5.    Grant such further relief as deemed just.

## JURY DEMAND

Plaintiff, Paula Casillas, individually and on behalf of all others similarly situated, demands trial by jury.

> Paula Casillas, individually and on behalf of all others similarly situated,
>
> By: /s/ David J. Philipps_____
> One of Plaintiff's Attorneys

Dated: July 1, 2016

David J. Philipps    (Ill. Bar No. 06196285)
Mary E. Philipps    (Ill. Bar No. 06197113)
Angie K. Robertson (Ill. Bar No. 06302858)
Philipps & Philipps, Ltd.
9760 S. Roberts Road
Suite One
Palos Hills, Illinois 60465
(708) 974-2900
(708) 974-2907 (FAX)
davephilipps@aol.com
mephilipps@aol.com
angiekrobertson@aol.com

John T. Steinkamp  (Ind. Bar No. 19891-49)
5214 S. East Street
Suite D1
Indianapolis, Indiana 46227
(317) 780-8300
(317) 217-1320 (FAX)
steinkamplaw@yahoo.com