**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION**

| | | |
|---|---|---|
| Paula Casillas, individually and on behalf of all others similarly situated, | ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | No. 1:16-cv-1774-WTL-DML |
| Madison Avenue Associates, Inc., an Indiana corporation, | ) ) ) | |
| Defendant. | ) ) | |

**PLAINTIFF'S MEMORANDUM
REGARDING SUBJECT MATTER JURISDICTION**

Plaintiff, Paula Casillas, ("Casillas"), individually and on behalf of all others similarly situated, hereby submits the following memorandum regarding subject matter jurisdiction, pursuant to this Court's Order of December 21, 2016 (Dkt. 24):

**FACTUAL BACKGROUND**

Defendant Madison Avenue Associates ("Madison") sent Ms. Casillas an initial form collection letter, dated May 5, 2016, demanding payment of a delinquent consumer debt allegedly owed to a credit union. This letter stated, in pertinent part:

* * *

> Federal law gives you thirty days after you receive this letter to dispute the validity of the debt or any part of it. Unless you notify this office within 30 days after receiving this notice that you dispute the validity of the debt or any portion thereof, this office will assume this debt is valid. If you do dispute the debt, or any part of it by notifying this office within 30 days from receiving this notice, this office will obtain verification of the debt and mail you a copy of such verification. If you request this office within 30 days after receiving this notice this office will provide you with the name and address of the original creditor, if different from the current creditor. The law does not require us to wait until the end of the 30 day period before attempting to collect this debt. If, however, you request proof of the debt or the name and address of the original creditor within the thirty day

1

> period that begins with your receipt of this letter, the law requires us to suspend our efforts to collect the debt until we mail the requested information to you.

\* \* \*

(Dkt 1-3).

Plaintiff Casillas filed her Complaint – Class Action on July 1, 2016, alleging that Defendant Madison's letter violated the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 et seq. ("FDCPA"). (Dkt. 1). Specifically, Plaintiff's Complaint – Class Action set forth that Defendant's form debt collection letter violated § 1692g(a)(4) of the FDCPA because that letter failed to inform Plaintiff that any dispute had to be "in writing" to protect her right to obtain validation of the debt, see, McCabe v. Crawford & Co., 272 F.Supp. 2d 736, 742-743 (N.D. Ill. 2003); Matmanivong v. NCC, 2015 U.S.Dist.LEXIS 15054 at *[26]-[*27](N.D. Ill. 2015); and Bishop v. Ross Earle & Bonan, 817 F.3d 1268, 1274 (11th Cir. 2016). (Dkt. 1 at ¶¶ 7-8, 11-14). Additionally, Defendant Madison's initial form collection letter failed to inform Plaintiff that any request for the name and address of the original creditor had to be in writing for it to be effective, in violation of § 1692g(a)(5) of the FDCPA. (Ibid.). Finally, Plaintiff's Complaint – Class Action set forth that Defendant's failure to provide the information required by the FDCPA also constituted the use of unfair or unconscionable means to collect a debt, in violation of § 1692f of the FDCPA. (Dkt. 1 at ¶¶ 7-8, 15-18).

The parties engaged in discovery and then settlement negotiations, and on November 22, 2016, a Joint Motion for Preliminary Approval of Class Action Settlement Agreement was filed. (Dkt. 22) and a hearing on the settlement was set for January 5, 2017. (Dkt. 23). On December, 21, 2016, this Court entered an Order instructing the parties to file a brief regarding subject matter jurisdiction, discussing the application of

Spokeo v. Robins, 136 S.Ct. 1540, 194 L. Ed. 2d 635 (2016) and Meyers v. Nicolet Restaurant of De Pere, 2016 U.S.App. LEXIS 22139 (7th Cir. 2016) to the facts of this case. (Dkt. 24)

## ARGUMENT

This Court has stated that ". . .it is not clear to the Court that Plaintiff has alleged the type of injury-in-fact necessary to establish that she has Article III standing", citing the U.S. Supreme Court's decision in Spokeo, and the Seventh Circuit's decision in Meyers. (Dkt. 24). Plaintiff, in fact, alleged that Defendant failed to provide her with certain informational disclosures that were required by the FDCPA:

> 8. Defendant's failure to provide the above informational disclosures, which are mandated by Congress in the FDCPA, constitutes a material/concrete breach of her rights under the FDCPA. See, Janetos v. Fulton Friedman & Gullace, [825 F.3d 317, 324 ] (7th Cir. 2016).

(Dkt. 1 at ¶ 8). The U.S. Supreme Court, as well and Appellate and District Courts have all repeatedly found, both pre- and post-Spokeo, that depriving an individual of statutorily-required information constitutes an injury-in-fact, and confers Article III standing.

**Plaintiff Suffered A Material/Concrete Injury-In-Fact Due to Defendant's
Failure To Provide Statutorily-Required Information And Thus Has Standing To Sue**

The U.S. Supreme Court's opinion in Spokeo provides multiple examples of statutes conferring a right to information, the violation of which confer standing without proof of tangible harm, see, for example, Public Citizen v. Department of Justice, 491 U.S. 440, 449 (1989) ('[A] plaintiff suffers an "injury in fact" when the plaintiff fails to obtain information which must be publicly disclosed pursuant to a statute."); FEC v. Akins, 524 U.S. 11, 21, (U.S. 1998) (failure to obtain information subject to disclosure under Federal Advisory Committee Act "constitutes a sufficiently distinct injury to

3

provide standing to sue"); see also, Spokeo, 194 L.Ed 2d at 649-650 (Thomas, J. concurring), citing, Havens Realty Corp. v. Coleman, 455 U.S. 363, 373-374, 71 L. Ed. 2d 214, 102 S. Ct. 1114 (1982) (violation of a plaintiff's statutory right to truthful information about housing availability is a "specific injury" that confers standing). The violation of a procedural right granted by statute can be sufficient in some circumstances to constitute injury in fact. In other words, a plaintiff in such a case need not allege any additional harm beyond the one Congress has identified. Spokeo, 194 L. Ed. 2d at 646.

Similarly, the Seventh Circuit has already addressed Article III standing, both pre- and post-Spokeo and has already held that the required informational disclosures of §1692g are material. In Janetos v. Fulton, Friedman, Gullace, 825 F.3d 317 (7th Cir. 2016), which involved a collection letter that failed to identify the name of the current creditor to whom a debt was owed, the Seventh Circuit held that information which §1692g of the FDCPA requires be conveyed to consumers is information which Congress mandated that consumers must receive. "Since § 1692g(a)(2) clearly requires the disclosure, we decline to offer debt collectors a free pass to violate that provision on the theory that the disclosure Congress required is not important enough", see, Janetos, 825 F.3d at 324.

Post-Spokeo, the Seventh Circuit considered whether a plaintiff had Article III standing, based on allegations that the plaintiff has been deprived of statutorily-required information under the Real Estate Settlement Procedures Act, 12 U.S.C. § 2605, et seq., ("RESPA"), in Diedrich v. Ocwen Loan Servicing, 839 F.3d 583 (7th Cir. 2016). The plaintiffs in Diedrich claimed that the defendant's failure to respond to a qualified

4

written request resulted in damages to their credit rating, and having to pay higher interest rates and higher monthly payments; the Seventh Circuit concluded plaintiff's allegation were an injury-in-fact sufficient for Article III standing see, Diedrich, 839 F.3d at 590-591.

Moreover, the Eleventh and First Circuits have similarly found, consistent with Spokeo, Public Citizen, Akins and Havens Realty, that a plaintiff has standing to sue a debt collector who violates the consumer's right to information under the FDCPA, see, Church v. Accretive Health, Inc., 654 Fed.Appx. 990, 2016 U.S. App. Lexis 12414 (11th Cir. 2016)(holding, post-Spokeo, that the deprivation of statutorily required information of §1692g was sufficient to confer plaintiff's standing; see also, Pollard v. Law Office of Mandy L. Spaulding, 766 F.3d 98, 102-103 (1st Cir. 2014)(holding that an overshadowing violation of §1692g(a)(3) of the FDCPA constituted statutory standing, despite the fact that the consumer plaintiff had not actually been misled by the letter at issue).

Additionally, after Spokeo, district courts within the Seventh Circuit which have been confronted with this issue have found that consumers alleging statutory violations of the FDCPA have Article III standing. In fact, at the time of filing of this brief, no less than seven district court opinions within the Seventh Circuit have found Article III standing on the basis of deprivation of information (or the provision of false or misleading information) required by the FDCPA.

For example, in a thorough and well-reasoned opinion in Long v. Fenton & McGarvey, 2016 U.S.Dist. LEXIS 170421 (S.D.Ind. 2016), Judge McKinney found that a consumer who alleged that the debt collector had failed to identify effectively the name

5

of the creditor to whom a debt was owed, in violation of §1692g(a)(2) of the FDCPA, had Article III standing. The debt collector defendant in Long had argued, in reliance on Spokeo, that the plaintiff lacked standing because she did not allege any actual damages, see, Long, 2016 U.S. Dist. LEXIS 170421 at [*3]-[*4]. In rejecting the debt collector's argument, Judge McKinney reasoned that, in enacting the FDCPA, Congress entitled consumers to specific information, including clear and non-misleading statement of the name of the creditor,:

> "The FDCPA established a new right to receive required disclosures from debt collectors and a new injury for failure to receive such disclosures. [citations omitted]. Plaintiff alleges that she received deficient and misleading information regarding her debts, which is a "harm defined and made cognizable" by the FDCPA. [citation omitted]. Because the alleged injury is a defined and cognizable harm under the FDCPA, it is more than a bare procedural violation of the statute. Therefore, the harm alleged by Plaintiff is a concrete injury in fact sufficient to find Article III standing."

Long, 2016 U.S. Dist LEXIS 170421 at [*8]-[*9]. As recognized in Spokeo, 194 L.Ed 2d at 649-650 (Thomas, J. concurring), and was echoed by the district court in Long, the violation of a plaintiff's statutory right to truthful information is a specific, cognizable injury that confers standing.

Likewise, in Lane v. Bayview Loan Servicing, 2016 U.S. Dist. LEXIS 89258 (N.D. Ill. 2016)(Chang, J.), the court held that a consumer plaintiff's allegation that the defendant failed to effectively disclose information required by § 1692g of the FDCPA, by overshadowing his dispute rights in subsequent collection letters, was sufficiently concrete to confer standing. In Quinn v. Specialized Loan Servicing 2016 U.S. Dist. LEXIS 107299 at [*8]-[*13] (N.D. Ill. Aug. 11, 2016)(Bucklo, J.), the court held that consumer plaintiffs who had been deprived of the informational notice required by §1692e(10) and 1692e(11) of the FDCPA (prohibiting false and/or misleading

6

statements in connection with the collection of a debt or an attempt to collect information about a consumer, and requiring an initial communication from a debt collector to contain a statement that the debt collector is attempting to collect a debt and that any information obtained will be used for that purpose) had Article III standing despite lacking actual damages, and denied the defendant's motion to dismiss.

In <u>Mogg v. Jacobs</u>, 2016 U.S. Dist. LEXIS 110057 at [*9]-[*11] (S.D. Ill. 2016)(Gilbert, J.), the court found that a plaintiff had Article III standing in regards to her claim that a collector falsely represented the legal status of a debt by attempting to collect a debt that had been discharged in bankruptcy. Similarly, in <u>Saenz v. Buckeye Check Cashing</u>, 2016 U.S. Dist. LEXIS 127784 at [*3]-[*5] (N.D. Ill. Sep. 20, 2016)(Shah, J.), the court found Article III standing for a consumer plaintiff who alleged that an entity's letter falsely portrayed itself to be a debt collector, "Saenz was harmed by receiving a deficient and allegedly misleading communication from Buckeye—a harm defined and made cognizable by the statute, but a concrete harm nonetheless", <u>see</u>, <u>Saenz</u>, 2016 U.S.Dist. LEXIS 127784 at [*5].

Finally, two district court opinions within the Seventh Circuits have granted class certification of FDCPA claims, rejecting arguments from defendants as to lack of Article III standing, <u>see</u>, <u>Bernal v. NRA Group</u>, 2016 U.S. Dist. LEXIS 116191 at *[12]-[14] (N.D. Ill. Aug. 30, 2016)(Feinerman, J.) (finding that a class of consumers had Article III standing regarding claims that a collection letter contained false or misleading statement regarding its legal ability to collect a percentage-based collection fee, in violation of §1692e and §1629f of the FDCPA); <u>Hayes v. Convergent Healthcare Recoveries</u>, 2016 U.S. Dist. LEXIS 139743 at [*8]-[*14] (C.D. Ill. Oct. 7, 2016)(Shadid,

7

J.)(granting the plaintiff's motion for class certification regarding the defendant's false/misleading attempt to collect a time-barred debt without providing a disclosure as to the debt's legal status and rejecting the defendant's challenge to Article III standing. "Courts in this Circuit, both before and after *Spokeo*, have rejected similar challenges to standing in FDCPA cases.", see, Hayes, 2016 U.S.Dist. LEXIS 139753 at [*13].[1]

The Seventh Circuit's recent decision in Meyers is factually-distinguishable and thus inapplicable to this matter, as it has nothing to do with the failure to provide statutorily-required information. Meyers was a case brought under the Fair and Accurate Credit transactions Act, 15 U.S.C § 1681 et seq. ("FACTA"). FACTA requires that anyone who accepts credits cards for the transaction of business shall not print more than the last 5 digits of the credit card or the expiration date on any receipt provide to the consumer at the point of sale or transactions, see, 15 U.S.C. § 1681c(g)(1). The

---

1. Districts courts outside of the Seventh Circuit have reached similar conclusions regarding the failure to make mandatory informational disclosures required by the FDCPA, see, e.g., Dickens v. GC Services, LP, 2016 U.S. Dist. LEXIS 94621 at [*5](M.D.Fla 2016)(denial of information to which consumer was entitled was a "congressionally elevated cognizable injury."…"[I]n other words, a concrete injury" , Macy v. GC Services, LP, 2016 U.S. Dist. LEXIS 134421 [*8]-[*9](W.D. Ky. 2016) (failure to provide notice that dispute had to be in writing creates the realistic risk that the consumers would then waive their rights, which is a concrete injury); Irvine v. I.C. Systems, 2016 U.S. Dist. LEXIS 99880 (D. Co. 2016)(consumer plaintiff stated a claim sufficient to confer standing where defendant's collector falsely stated she could only remove a debt from her credit report if she paid in full, in violation of §1692e); Yeager v. Ocwen Loan Servicing, 2016 U.S. Dist. LEXIS 105007 (M.D. Ala. 2016)(finding a consumer plaintiff had alleged that she suffered an injury-in-fact where a dunning letter failed to contain any notice of her right to dispute the debt, as well as the name of the creditor and the amount of the debt all in violation of §1692g); Prindle v. Carrington Mortg. Servs., 2016 U.S. Dist. LEXIS 108386, at *[22-42] (M.D. Fla. 2016) (finding that a consumer had alleged injury-in-fact due to the defendant's statutory violations of §1692e, despite the fact that she had not sufficiently alleged actual damages); Munoz v. Cal. Bus. Bureau, 2016 U.S. Dist. LEXIS 151495, at *[13-14] (E.D. Cal. Nov. 1, 2016) (holding that a claim that a consumer represented by an attorney was contacted directly by a collector, and that the collector falsely stated the amount of the debt owed, was sufficient for Article III standing).

8

plaintiff in Meyer was given a receipt by the defendant restaurant which did not truncate the expiration date of his credit card. Meyers, 2016 U.S.App. LEXIS 22139 at [*2]. The Court noted that the plaintiff had not alleged any concrete harm, not created any risk of concrete harm, because the plaintiff had discovered the violation immediately and nobody else ever saw the non-complaint receipt. Meyers, 2016 U.S.App. LEXIS 22139 at [*7]. Indeed, the Court's holding in Meyers was very narrow: "[I]n sum, we hold that without a showing of injury apart from the statutory violation, the failure to truncate a credit card's expiration date is insufficient to confer Article III standing." Meyers, 2016 U.S.App. LEXIS 22139 at [*9].

Indeed, in Meyers, the Seventh Circuit cited with approval the Second Circuit's decision in Strubel v. Comenity Bank, 842 F.3d 181 (2nd Cir, 2016), where the court found that a plaintiff alleging violations of the Truth in Lending Act lacked standing as to two claims involving failure to disclose information related to an automatic payment plan – because the bank did not even offer an automatic payment plan -- *but* found that the consumer did have Article III standing to pursue claims related to the bank's failure to provide statutorily-required information regarding their obligations under a credit card agreement, since that created a real risk that cardholders may lose the credit rights the law affords them, see, Meyers, 2016 U.S.App. LEXIS 22139 at [*9], fn. 4. That is identical to the risk identified here – that failure to provide the information required by the FDCPA to dispute a debt creates a real risk that consumers would lose the rights to verification of the debt afforded them by the FDCPA.

As multiple courts have found, deprivation of information about the right to dispute the debt orally is a material/concrete injury for which Article III standing ought be

conferred on Ms. Smith. Thus, consistent with the Supreme Court's repeated conclusion that a violation of the plaintiff's right to receive statutorily-required information is a concrete injury by itself, Defendant's failure to provide statutorily-required information here constitutes a concrete injury-in-fact that confers Article III standing.

## CONCLUSION

Consistent with the Seventh Circuit's decision in <u>Janetos</u> and <u>Diedrich</u> and district courts within the Seventh Circuit, Ms. Casillas has alleged an injury-in-fact under the FDCPA, for failure to provide statutorily- required information, sufficient to confer Article III regarding her claim.

                                        Paula Casillas, individually and on behalf of all others similarly situated,

                                        By: <u>David J. Philipps</u>_____
                                        One of Plaintiff's Attorneys

Dated: January 4, 2017

David J. Philipps     (Ill. Bar No. 06196285)
Mary E. Philipps     (Ill. Bar No. 06197113)
Angie K. Robertson (Ill. Bar No. 06302858)
Philipps & Philipps, Ltd.
9760 S. Roberts Road
Suite One
Palos Hills, Illinois 60465
(708) 974-2900
(708) 974-2907 (FAX)
davephilipps@aol.com

## **CERTIFICATE OF SERVICE**

      I hereby certify that on January 4, 2017 a copy of the foregoing **Plaintiff's Memorandum Regarding Subject Matter Jurisdiction** was filed electronically. Notice of this filing was sent to the following parties by operation of the Court's electronic filing system. The parties may access this filing through the Court's system.

James R. Branit                    branit@litchfieldcavo.com
Nicholas D. Butovich        butovich@litchfieldcavo.com
Litchfield Cavo LLP
303 West Madison Street
Suite 300
Chicago, Illinois 60606


/s/ David J. Philipps
David J. Philipps
Philipps & Philipps, Ltd.
9760 South Robert Road
Suite One
Palos Hills, Illinois 60465
davephilipps@aol.com