## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF INDIANA
## INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| Paula Casillas, individually and on behalf of all others similarly situated, | ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) | No. 1:16-cv-1774 |
| | ) ) | Jury Demanded |
| Madison Avenue Associates, Inc., an Indiana corporation, | ) ) ) | |
| Defendant. | ) ) | |

## DEFENDANT, MADISON AVENUE ASSOCIATES, INC.'S
## BRIEF ON STANDING IN COMPLIANCE WITH COURT ORDER

Defendant, Madison Avenue Associates, Inc. ("Madison Avenue"), by its attorneys, Litchfield Cavo LLP, hereby presents its Brief on Standing in compliance with the Court's December 21, 2016 Order.

Madison Avenue appreciates the Court's obligation to evaluate *sua sponte* whether it has subject-matter jurisdiction – or more specifically in this case, whether the plaintiff Casillas has standing – even if the parties have not raised the issue. Accordingly, Madison Avenue will provide to the best of its ability its legal analysis of whether Casillas has standing under *Spokeo, Inc. v. Robins*, 136 S.Ct. 1540 (2016) and *Meyers v. Nicolet Rest. Of De Pere, LLC*, 2016 WL 7217581 (7th Cir., Dec. 13, 2016).

Nevertheless, Madison Avenue feels compelled to raise two points: (1) it chose to settle the case rather than seek dismissal on the basis of lack of standing because it evaluated such a settlement as being in its overall best interests; and (2) under Paragraph 2 of the Settlement Agreement, Madison Avenue and Casillas "agree to undertake and use their best efforts to effectuate this Agreement and to support and

conclude the Settlement" and to "take all necessary steps to secure the District Court's preliminary approval of this Agreement" and to "take all steps necessary to secure the District Court's final approval of the Settlement." Casillas's counsel has already made it clear, including in a hearing before the Magistrate, that he believes this paragraph of the Settlement Agreement precludes Madison Avenue from asserting to the Court that Casillas lacks standing.

Regardless, as an officer of the Court, counsel for Madison Avenue agrees with Casillas that – with one exception – all of the courts have come to the conclusion that the plaintiff has suffered a concrete, particularized injury and thus has standing under *Spokeo* when they have alleged the exact same statutory violation raised by Casillas in this case. The rationale raised by the various courts is that the defendant's alleged failure to advise the debtor that he or she must respond to the notice of debt "***in writing***" deprived the debtor of valuable disclosures or information Congress deemed the debtor had a right to receive. See, *e.g.*, *Church v. Accretive Health, Inc.*, 654 Fed.Appx. 990 (2016); *Macy v. GC Services Ltd.*, 2016 WL 5661525, \*\*3-4 (W.D.Ky 2016); *Dickens v. GC Services Ltd.*, 2016 WL 3917530, \*2 (M.D.Fla. 2016). (Madison Avenue also agrees with Casillas that, particularly given the Seventh Circuit's factual findings in *Meyer* that the plaintiff's credit card information was never disclosed to anyone else, *Meyer* is factually distinguishable from this case.)

The only case offering a different view from *Church*, *Macy*, and *Dickens* is *Jackson v. Abendroth & Russell, P.C.*, --- F.Supp.3d ---, 2016 WL 4942074 (S.D. Iowa 2016). In *Jackson*, the plaintiff alleged that a letter from the defendant debt collector violated Section 1692g of the FDCPA because it failed to inform him that any request to

verify the identity of the original creditor had to be in writing. The district court in *Jackson* concluded that the plaintiff did not have standing because he did not allege he ever intended to dispute his debt in any way, he did not allege the amount of the debt listed in the letter was incorrect, he did not allege the identity of his original creditor was different from the creditor listed in the letter, and he did not allege any facts to suggest "doubt as to the validity of the debt or the identity of the original creditor." *Id.* at *6. The district court concluded that the plaintiff "Jackson's alleged statutory violations did not create the risk of real harm because, as indicated above, Jackson did not intend and had no grounds to dispute or challenge the validity of his debt." *Id.* The district court in *Jackson* supported its conclusion by noting that the Supreme Court has "repeatedly reiterated that 'threatened injury must be *certainly impending* to constitute injury in fact' and that 'allegations of *possible* future injury' are not sufficient." *Id.*, quoting *Clapper v. Amnesty Int'l USA*, 133 S.Ct. 1138, 1147 (2013) (emphasis in original).

So the courts in *Church*, *Macy*, and *Dickens* concluded that the deprivation of information alone was enough by itself to establish a concrete injury and standing, regardless of whether the plaintiff intended to question the validity of the debt or otherwise exercise his or her rights under the FDCPA. The court in *Jackson*, on the other hand, would find a concrete injury and standing only if the plaintiff alleged in the complaint that he or she intended to question the validity of the debt or other information in the letter or otherwise exercise rights under the FDCPA that would be waived if not raised "in writing".

It is only if the Court were to adopt the ruling from *Jackson* – that the deprivation of information someone never intends to use is not "concrete" enough of an injury to

3

confer standing – that the Court need consider the specific allegations of Casillas'
complaint to determine whether there is standing. However, even under *Jackson*, a
question remains as to whether dismissal is in order or whether Casillas should be
given the opportunity to amend her complaint. After all, the court in *Jackson* went on to
point out that "If a consumer contends the alleged debt owed is incorrect, or merely
wishes to verify the debt, then a deficient disclosure of their FDCPA rights could create
a risk of real harm because a consumer could inadvertently forfeit their right to validate
the debt." 2016 WL 4942074 at *6. Given that *Spokeo* was decided less than a year
ago, that the courts are still interpreting how *Spokeo* applies in many different contexts,
including under Section 1692g, and that the Courts of Appeals (other than the Eleventh
Circuit in the unpublished *Church* case) have yet to weigh in on the issue, allowing
amendment may be the most appropriate remedy.

In presenting this brief, Madison Avenue has sought to comply with the Court's
December 21, 2016 Order, the terms of the Settlement Agreement, and the ethical
obligations of its counsel, even though the obligations under each factor may potentially
conflict in some respects. Madison Avenue continues to advocate and seek preliminary
and final approval of the settlement. For many reasons, that is its preferred result.
Madison Avenue has not sought to dismiss the case for lack of standing and does not
advocate such a ruling. On the other hand, Madison Avenue has not intended to admit
in any way that would preclude it from taking a different position in a different case that
Casillas has standing.

Instead, Madison Avenue and its counsel have only attempted to advise the
Court of applicable case law directly on point with regard to the issue of standing.

4

Madison Avenue does not believe that its efforts to comply with the Court's order, or its advising the Court of case law which it came across in complying with the Court's order, in any way violates the terms of the settlement agreement. Indeed, Madison Avenue's counsel felt he had an ethical obligation to advise the Court of such case law and has pointed out that even the *Jackson* case does not require dismissal. Madison Avenue's "best efforts" to effectuate the settlement agreement should not require its counsel to violate his ethical obligations and his obligations to comply with a court order by intentionally failing to advise the Court of case law on point that he became aware of when complying with that court order.

If the Court believes that Madison Avenue has not adequately complied with the Court's December 21, 2016 Order, or if Casillas or the Court believes Madison Avenue has even come close to breaching the settlement agreement, then such a belief should be raised now before the Court rules on standing so that appropriate corrections or withdrawals can be made or other protections can be put in place to prevent even the possibility that Madison Avenue might jeopardize the settlement agreement merely by complying in good faith with the Court's December 21, 2016 Order.

Madison Avenue Associates, Inc.,


By: /s/ James R. Branit_____
    One of Its Attorneys
    LITCHFIELD CAVO LLP


James R. Branit (ARDC # 6191555)
LITCHFIELD CAVO LLP
303 West Madison Street, Suite 300
Chicago, Illinois 60606-3309
(312) 781-6552 telephone
(312) 781-6630 facsimile

## CERTIFICATE OF SERVICE

I, James R. Branit, an attorney, state that I served a copy of the foregoing **Madison Avenue Associates, Inc.'s Brief on Standing in Compliance with Court Order** upon all parties who are currently on the list to receive email notices for this case on January 9, 2017, via the Clerk of Court using the CM/ECF system.

_/s/ James R. Branit_____