IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| Paula Casillas, individually and on behalf of all others similarly situated, | ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | No. 1:16-cv-1774-WTL-DML |
| Madison Avenue Associates, Inc., an Indiana corporation, | ) ) ) ) | |
| Defendant. | ) | |

**PLAINTIFF'S SUPPLEMENTAL MEMORANDUM
REGARDING SUBJECT MATTER JURISDICTION**

Plaintiff, Paula Casillas, ("Casillas"), individually and on behalf of all others similarly situated, hereby submits the following supplemental memorandum regarding subject matter jurisdiction:

**INTRODUCTION**

Pursuant to this Court's Order of December 21, 2016, instructing the parties to file a brief regarding subject matter jurisdiction to discuss the application of Spokeo v. Robins, 136 S.Ct. 1540, 194 L. Ed. 2d 635 (2016) and Meyers v. Nicolet Restaurant of De Pere, 2016 U.S.App. LEXIS 22139 (7th Cir. 2016) to the facts of this case (Dkt. 24) -- because, as the Court stated, ". . .it is not clear to the Court that Plaintiff has alleged the type of injury-in-fact necessary to establish that she has Article III standing" -- on January 4, 2017, Plaintiff filed a Memorandum setting forth that Plaintiff had, in fact, alleged that she had suffered the type of injury that would establish Article III standing and that neither the holding of Spokeo, nor Meyers deprived her of standing. (Dkt. 25).

1

The Seventh Circuit has recently issued another opinion applying the holding of Spokeo to a case in which a plaintiff alleged an apparent violation of a statutory right, Gubala v. Time Warner Cable, 2017 U.S.App. LEXIS 1058 (7th Cir. January 20, 2017). Mindful of the concerns expressed by this Court in its December 21, 2016 Order, Plaintiff files this Supplemental Memorandum to address Gubala.

**ARGUMENT**

The Seventh Circuit's decision in Gubala is very similar to its decision in Meyers, and thus, is likewise factually-distinguishable and inapplicable to this matter. First, unlike this case, neither Meyers nor Gubala seeks relief under the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 et seq. ("FDCPA") (or any other federal statute, for that matter) for the failure to provide statutorily-required information. It is especially important to note that neither Gubala nor Meyers involved a written demand that the consumer pay money, via a letter that contained a materially faulty notification of the rights and information which Congress mandated that all consumers be told.

In Gubala, the plaintiff had subscribed to Time Warner's cable service in 2004 and provided them with required personal information to open an account; he cancelled his subscription two years later. Gubala, 2017 U.S.App. LEXIS 1058 at [*1]-[*2]. In 2014, he discovered that Time Warner still retained all of his personal information, in apparent violation of § 551(e) the Cable Communications Policy Act, 47 U.S.C. § 551 ("the Cable Act"), which, plaintiff believed, required that such personal information be destroyed if it was no longer necessary for the purpose for which it was collected. Id.

Although the Court in Gubala acknowledged that violations of rights of privacy *are* actionable, see, Gubala, 2017 U.S.App. LEXIS 1058 at [*9], it emphasized

2

repeatedly that the plaintiff in Gubala had never even argued that Time Warner's failure to destroy his personal information had put him at any risk. Gubala, 2017 U.S.App. LEXIS 1058 at [*3]-[*4], [*10]-[*11]. In short, the Seventh Circuit recognized that Time Warner's failure to comply with the Cable Act's requirements presented real privacy risks – but that the Plaintiff in Gubala failed to allege that those risks had caused him a concrete injury:

> . . . in any event the absence of allegation let alone evidence of any concrete injury inflicted or likely to be inflicted on the plaintiff as a consequence of Time Warner's continued retention of his personal information precludes the relief sought and requires that we affirm the district court's judgment dismissing the plaintiff's suit for want of standing.

Gubala, 2017 U.S.App. LEXIS 1058 at [*12].

The Court's decision in Gubala is very similar to its narrow holding in Meyers -- an action under the Fair and Accurate Credit transactions Act, 15 U.S.C § 1681 et seq. ("FACTA"), in which the Court noted that the plaintiff had not alleged any concrete harm, nor had any risk of concrete harm actually been created, because the plaintiff had discovered the violation immediately and nobody else ever saw the non-complaint receipt. Meyers, 2016 U.S.App. LEXIS 22139 at [*7].

As set forth in detail Plaintiff's initial Memorandum (Dkt 25), multiple courts have found that failure to provide statutorily-required information is a material/concrete injury. Ms. Casillas has alleged Defendant failed to provide her with such statutorily-required information. Consistent with the Supreme Court's repeated conclusion that a violation of the plaintiff's right to receive statutorily-required information is a concrete injury by itself (see, Dkt. 25 at pp. 3-4), Defendant's failure to provide statutorily-required information here constitutes a concrete injury-in-fact that confers Article III standing on

3

Ms. Casillas.

## CONCLUSION

Ms. Casillas has alleged an injury-in-fact under the FDCPA -- for failure to provide statutorily- required information -- sufficient to confer Article III on her claims, and neither the decisions in Spokeo, Meyers, nor Gubala change that fact.

    Respectfully submitted,

    Paula Casillas, individually and on behalf of all others similarly situated,

    By: David J. Philipps_____
    One of Plaintiff's Attorneys

Dated: January 25, 2017

David J. Philipps    (Ill. Bar No. 06196285)
Mary E. Philipps    (Ill. Bar No. 06197113)
Angie K. Robertson (Ill. Bar No. 06302858)
Philipps & Philipps, Ltd.
9760 S. Roberts Road
Suite One
Palos Hills, Illinois 60465
(708) 974-2900
(708) 974-2907 (FAX)
davephilipps@aol.com

## **CERTIFICATE OF SERVICE**

      I hereby certify that on January 25, 2017 a copy of the foregoing **Plaintiff's Supplemental Memorandum Regarding Subject Matter Jurisdiction** was filed electronically. Notice of this filing was sent to the following parties by operation of the Court's electronic filing system. The parties may access this filing through the Court's system.

James R. Branit                  branit@litchfieldcavo.com
Nicholas D. Butovich        butovich@litchfieldcavo.com
Litchfield Cavo LLP
303 West Madison Street
Suite 300
Chicago, Illinois 60606


/s/ David J. Philipps
David J. Philipps
Philipps & Philipps, Ltd.
9760 South Robert Road
Suite One
Palos Hills, Illinois 60465
davephilipps@aol.com