UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| PAULA CASILLAS, individually and on behalf of all others similarly situated, | ) ) ) ) |
| Plaintiff, | ) ) ) |
| vs. | ) ) Cause No. 1:16-cv-1774-WTL-DML ) |
| MADISON AVENUE ASSOCIATES, INC., | ) ) ) |
| Defendant. | ) |

**ORDER TO SHOW CAUSE**

The parties in this case seek preliminary approval of a settlement class. Before addressing the pending motions, however, the Court must satisfy itself that it has subject matter jurisdiction over this case. The Court previously directed the parties to brief whether the Plaintiff has alleged the type of injury-in-fact necessary to establish that she has Article III standing. *See* Dkt. No. 24. The parties have done so. However, in the course of considering the issue, it came to the Court's attention that a potentially highly relevant case was pending before the Seventh Circuit. That case has now been decided. *See Groshek v. Great Lakes Higher Educ. Corp.*, 2017 WL 3260080 (7th Cir. Aug. 1, 2017).

In *Groshek*, the plaintiff alleged a violation of the Fair Credit Reporting Act, 15 U.S.C. 1681 *et seq.*, ("FCRA") which, like the Fair Debt Collection Practices Act ("FDCPA") at issue in this case, dictates that certain information must be provided to a class of individuals in a particular manner. Specifically, under FCRA, a prospective employer may not obtain a consumer report for employment purposes unless

> (i) a clear and conspicuous disclosure has been made in writing to the job applicant at any time before the report is procured, in a document that consists solely of the disclosure, that a consumer report may be obtained for employment purposes (commonly known as the "stand-alone disclosure requirement"); and, (ii) the job applicant has authorized in writing the procurement of the report.

*Id.* at *1 (quoting 15 U.S.C. § 1681b(b)(2)(A)(i)-(ii)).  The plaintiff in *Groshek* alleged that while the defendants had provided him with the disclosure, they had failed to do so in a stand-alone document as required by the statute.

In determining that Groshek had failed to plead the type of concrete injury required to establish Article III standing to sue over the statutory violation, the Seventh Circuit acknowledged that while "'Congress is well positioned to identify intangible harms that will give rise to concrete injuries, which were previously inadequate in law,'" "'Congress' judgment that there should be a legal remedy for the violation of a statute does not mean each statutory violation creates an Article III injury.'"  *Id.* (quoting *Spokeo, Inc. v. Robins*, 136 S. Ct. 1540, 1548 (2016), and *Meyers v. Nicolet Rest. of De Pere, LLC*, 843 F.3d 724, 727 (7th Cir. 2016)).

> For instance, a plaintiff cannot satisfy the injury-in-fact element by alleging a "bare procedural violation" that is "divorced from any concrete harm." *Spokeo*, 136 S. Ct. at 1549. Instead, the plaintiff must show that the statutory violation presented an "appreciable risk of harm" to the underlying concrete interest that Congress sought to protect by enacting the statute. *Meyers*, 843 F.3d at 727; *see also Spokeo*, 136 S. Ct. at 1549-50.

*Id.* at *2.  The court determined that the stand-alone disclosure provision in the FCRA "is clearly designed to decrease the risk of a job applicant unknowingly providing consent to the dissemination of his or her private information. Section 1681b(b)(2)(A)(ii), the authorization requirement, further protects consumer privacy by providing the job applicant the ability to prevent a prospective employer from procuring a consumer report, *i.e.*, by withholding consent."  *Id. (*citing S. Rep. No. 104-185 at 35 (1995)).  The court then held:

2

> Here, Groshek did not allege that Appellees failed to provide him with a disclosure that informed him that a consumer report may be obtained for employment purposes. His complaint contained no allegation that any of the additional information caused him to not understand the consent he was giving; no allegation that he would not have provided consent but for the extraneous information on the form; no allegation that additional information caused him to be confused; and, no allegation that he was unaware that a consumer report would be procured. Instead, he simply alleged that Appellees' disclosure form contained extraneous information. We conclude that Groshek has alleged a statutory violation completely removed from any concrete harm or appreciable risk of harm.

*Id.*

Similarly in this case, the Plaintiff alleges that the Defendant failed to provide her information that she was entitled to under the FDCPA—the fact that if she wished to invoke her right to dispute the validity of the debt the Defendant sought to collect, or to request the name and address of the original creditor, she had to do so in writing. Like Groshek, the Plaintiff does not allege that this omission affected her in any way. She does not allege that she was misled into ineffectually disputing the debt or requesting the name and address of the original creditor by doing so orally instead of in writing. As in *Groshek*, the statutory violation at issue could have caused harm, and in Congress's estimation there was enough theoretical risk of harm to enact the statutory requirement to protect individuals from it, but there is no allegation that there was any harm or appreciable risk of harm to the Plaintiff.

The Seventh Circuit also rejected the "informational injury" argument made by Groshek. The Plaintiff in this case and the cases she cites rely heavily on the same argument in her jurisdictional filings. *See, e.g.*, Dkt. No. 25. The Plaintiff further argues that the Seventh Circuit has "already held that the required informational disclosures of §1692g are material." *Id.* (citing *Janetos v. Fulton, Friedman, Gullace*, 825 F.3d 317 (7th Cir. 2016)). Quite to the contrary, the Seventh Circuit in *Janetos* held that § 1692g of the FDCPA *did not require* materiality; a failure to comply with the statute's technical requirements was sufficient to constitute a violation of the

3

statute and "[a] plaintiff need not offer additional evidence of confusion or materiality to prove the violation." *Id.* at 324. But *Janetos* was decided before *Spokeo*, and the court in *Janetos* was not addressing Article III standing. It is clear after *Spokeo* that conduct that unequivocally violates a statutory provision and which, under the plain language of the statute, would subject a violator to liability, can nonetheless fail to result in concrete harm sufficient to confer Article III standing. In other words, *Janetos* held that a bare procedural violation was all that § 1692g required to impose liability; *Spokeo* held that regardless of the statutory scheme, a statutory violation is not necessarily sufficient for Article III purposes.

The Court believes that the holding of *Groshek* dictates a finding that it lacks subject matter jurisdiction in this case. However, the Court would like to give counsel the opportunity to weigh in on that particular question. Accordingly, the Plaintiff shall, **within 14 days of the date of this Entry**, show cause, in writing, why, in light of the holding in *Groshek*, this case should not be dismissed without prejudice for lack of Article III standing.

SO ORDERED: 8/3/2017

*William T. Lawrence*

Hon. William T. Lawrence, Judge
United States District Court
Southern District of Indiana

Copies to all counsel of record via electronic notification